# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN MICHAEL FERGASON,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 74411

FILED

SEP 2 7 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court summary judgment in a forfeiture action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.[1]

Having considered the parties' arguments and the record on appeal, we conclude that summary judgment was proper in part, as respondent LVMPD partially cured the evidentiary defects identified by this court in *Fergason v. Las Vegas Metropolitan Police Department*, 131 Nev. 939, 364 P.3d 592 (2015).[2] In particular, LVMPD introduced evidence

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

[2]LVMPD was not barred by the law-of-the-case doctrine from relying on this evidence because this court expressly declined to consider the

that appellant's codefendant had a consistent pattern of selling stolen property on weekends, that appellant deposited large sums of cash on Mondays between July 2006 and September 2006 totaling $28,000, and that appellant did not have a legitimate job during that time frame.[3] Based on this evidence, we conclude that "a reasonable jury could find it highly probable that the [$28,000] seized from Fergason was attributable to the commission of a felony [or felonies]." *Id.* at 945, 364 P.3d at 596.

With LVMPD having produced this evidence, the burden shifted to appellant to produce evidence sufficient to raise a reasonable inference that the $28,000 was not derived directly or indirectly from the commission of a felony or felonies. *Id.* at 944, 364 P.3d at 595 (citing NRS 179.1164(1)(a) and NRS 179.1161). Because appellant failed to produce such evidence, the district court properly granted summary judgment for LVMPD. *Id.*

We disagree, however, that LVMPD satisfied its summary judgment burden with respect to the remaining money in appellant's account. In *Fergason*, we concluded that there must be a "'nexus between

_____

evidence's relevance in *Fergason*. *See* 131 Nev. at 949 n.4, 364 P.3d at 598 n.4; *see also Recontrust Co. v. Zhang*, 130 Nev. 1, 8, 317 P.3d 814, 818 (2014) ("[F]or the law-of-the-case doctrine to apply, the appellate court must actually address and decide the issue explicitly or by necessary implication." (internal quotation omitted)).

[3]We disagree with appellant's argument that the bank receipts are irrelevant. We also disagree with appellant's argument that his lack of work history was speculative. Additionally, we note that LVMPD relied on different testimony from Tonya Trevarthen than that which this court considered in appellant's previous appeal.

the bank [account] and the crime committed'" beyond simply showing that the amount of money in the bank account exceeded the claimant's legitimate income. *Id.* at 951, 364 P.3d at 599 (quoting *One 1979 Ford 15V v. State*, 721 So. 2d 631 (Miss. 1998)). Accordingly, we reverse the district court's summary judgment as to the forfeiture of the remaining proceeds in appellant's account.

Appellant raises the following additional arguments on appeal: (1) the district court should have appointed counsel to represent him, (2) the district court should have struck LVMPD's renewed motion for summary judgment, (3) appellant should have been permitted to conduct discovery, (4) the district court should have held an evidentiary hearing so that appellant could cross-examine Tonya Trevarthen, and (5) the district court should have ordered the parties to participate in a settlement conference. We conclude that these alleged errors do not warrant wholesale reversal of the district court's summary judgment. Appellant's first argument fails because he acknowledges he was not entitled to counsel. Appellant's second argument fails because the law-of-the-case doctrine did not bar LVMPD from again moving for summary judgment. Appellant's third argument fails because he did not coherently articulate to the district court what discovery he wanted to conduct. Appellant's fourth argument fails because the only purpose of cross-examining Ms. Trevarthen would have been to cast doubt on her credibility, which appellant's counsel effectively did during appellant's criminal trial, and which appellant could have used in opposing LVMPD's summary judgment motion. Finally, appellant's fifth argument fails because the issue regarding settlement negotiations arose only in the

context of LVMPD's post-judgment request for attorney fees, which is not at issue in this appeal. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.          _____, J.
Pickering                                          Hardesty


cc:    Hon. Douglas Smith, District Judge
       Bryan Michael Fergason
       Marquis Aurbach Coffing
       Liesl K. Freedman
       Matthew J. Christian
       Eighth District Court Clerk